**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LISA FORSEE, VINCENT RUSSELL, JEAN RYAN, BRONX INDEPENDENT LIVING SERVICES, BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK, DISABLED IN ACTION OF METROPOLITAN NEW YORK, HARLEM INDEPENDENT LIVING CENTER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

METROPOLITAN TRANSPORTATION AUTHORITY, PATRICK FOYE, in his official capacity as chair and chief executive officer of the Metropolitan Transportation Authority, NEW YORK CITY TRANSIT AUTHORITY, ANDY BYFORD, in his official capacity as President of the New York City Transit Authority, and the CITY OF NEW YORK,

Defendants.

Case No. 19-cv-04406 (ER)

**STIPULATED**
**PROTECTIVE ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: January 22, 2020

---

In accordance with and pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d), the parties to this action, by and through counsel, agree as follows:

1.  This Stipulated Protective Order is being entered into to facilitate the production, exchange and discovery of documents and information that merit confidential treatment (the "Documents" or "Testimony") in the above action (the "Action").

2.  Any party may designate Documents produced, or Testimony given, in connection with this Action as "confidential," either by notation on each page of the Document so designated, a statement on the record of the deposition, or by written advice provided to the respective counsel for all affected parties, or by other appropriate means.

3.      As used herein:

(a)      "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, sensitive personal information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to that party, the conduct of that party's business or the business of any of that party's customers or clients.

(b)      "Producing Party" shall mean the party producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting confidentiality, as the case may be.

(c)      "Receiving Party" shall mean the party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4.      The Receiving Party may, at any time, notify the Producing Party in writing that the Receiving Party does not concur with the designation of a document or other material as Confidential Information.  If the Producing Party does not agree to declassify such document or material within seven (7) days of the written notification, the Receiving Party may move before the Court for an order declassifying those documents or materials.  If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information.  If the motion is filed, the documents or other materials shall be treated as Confidential Information unless and until the Court rules otherwise.  On such a

motion, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information.

5.      Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)      for individual parties, the named plaintiff or defendant; or, for organizational parties, personnel of plaintiff or defendant with authority to make decisions related to the litigation (which means the executive director or president of the organization, members of the board of directors and/or members of any litigation committee advising the board of directors) and personnel of plaintiff or defendant who otherwise need to review the documents in order to assist  in the preparation of this Action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b)      counsel for the parties to this Action (including in-house counsel working on the litigation) and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying or other litigation services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)      expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this action at the trial of this action or other

proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d) the Court and court personnel;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 8 and 9, respectively, hereof;

(g) mediators retained for this Action or appointed by the Court; and

(h) any other person agreed to by the Producing Party.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this Action and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c), counsel for the Receiving Party shall obtain the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. Should the need arise for any party to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, and should the parties not be able to resolve any disputes over the disclosure of Confidential Information, such party may do so only after taking such steps as the Court, upon motion

of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

9.    This Stipulated Protective Order shall not preclude counsel for any party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" under the terms hereof.  Any deposition witness who is given access to Confidential Information (other than individuals listed in paragraph 5) shall, prior thereto, be provided with a copy of this Stipulated Protective Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Counsel for the party obtaining the certificate shall supply a copy to counsel for the other parties to the action.

10.   A party may designate as Confidential Information subject to this Stipulated Protective Order any document, information, or deposition testimony, or any portion thereof, produced or given by any non-party to this Action.  In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting confidentiality.  In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information.

11.     A Receiving Party who seeks to file a motion with the Court using Documents or Testimony which have previously been designated as comprising or containing Confidential Information, and/or any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with reasonable advance notice of its intentions; in the event the parties cannot resolve the issues, the parties may seek a conference with the Court.  Unless the Court rules otherwise, all Confidential Information filed with the Court shall be redacted or filed under seal pursuant to this Court's Individual Rules of Practice and the Local Rules of the United States District Court for the Southern District of New York.  Where possible, only confidential portions of filings with the Court shall be filed under seal.

12.     Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

13.     Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 10 of this Stipulated Protective Order, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party, identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

14.     Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulated Protective Order.

15. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action.

16. This Stipulated Protective Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any part of the Stipulated Protective Order.  The provisions of this Stipulated Protective Order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this Action.

17. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

18. Within sixty (60) days after the final termination of this Action by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed.  In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this Action that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.   This

Stipulated Protective Order shall not be interpreted in a manner that would violate any rules of professional conduct. Nothing in this Stipulated Protective Order shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or their affiliate(s) in connection with any other matters.

19.    (a)    Pursuant to Fed. R. Evid. 502(d), if a Producing Party discloses information in connection with this Action that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege, the attorney work product protection, or trial preparation material ("Privileged Material"), the disclosure of that Privileged Material will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Privileged Material and its subject matter.

(b)    If a Producing Party has disclosed or made available information it claims to be Privileged Material, the Producing Party may notify the Receiving Party of its claim and, within seven (7) days, a privilege log or revise its existing log.  Upon such notification, the Receiving Party shall promptly return, sequester, or destroy/delete the Privileged Material, any reasonably accessible copies it has, and any work product reflecting the contents of the Privileged Material; not use or disclose the information until the claim is resolved; and take reasonable steps to retrieve the information if the Receiving Party disclosed it to any other person or entity before receiving notice.

(c)    The Receiving Party may move the Court for an order compelling production of the Privileged Material.  The motion shall not assert as a ground for production the fact or circumstances of the initial production.

20.     This Stipulated Protective Order may be changed by further order of this Court, and is

without prejudice to the rights of a Party to move for relief from any of its provisions, or

to seek or agree to different or additional protection for any particular material or

information.


Dated:   New York, New York
         January 22, 2020


**DISABILITY RIGHTS ADVOCATES**

_Michelle A Caiola_

_____

Michelle Caiola
Torie Atkinson
Emily Seelenfreund
655 Third Avenue, 14th Floor
New York, NY 10017
Tel:   (212) 644-8644
Fax:   (212) 644-8636
mcaiola@dralegal.org


**SHEPPARD MULLIN RICHTER
& HAMPTON LLP**
Daniel Brown
30 Rockefeller Plaza
New York, NY 10112
Tel:   (212) 653-8700
Fax:   (212) 653-8701

_Attorneys for Plaintiffs_


**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**

_Joseph Kolatch_

_____

Allan J. Arffa
Gregory F. Laufer
Joseph Kolatch
1285 Avenue of the Americas
New York, New York 10019
Phone:  212-373-3000
Email:  aarffa@paulweiss.com
        glaufer@paulweiss.com
        jkolatch@paulweiss.com

_Counsel for Defendants Metropolitan
Transportation Authority, Patrick Foye, New
York City Transit Authority and Andy Byford_


**IT IS SO ORDERED:**

Hon. Edgardo Ramos
United States District Judge


Dated: _January 22, 2020_