UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA DE LA ROSA, JEAN RYAN, BRONX INDEPENDENT LIVING SERVICES, BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK, DISABLED IN ACTION OF METROPOLITAN NEW YORK, HARLEM INDEPENDENT LIVING CENTER, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>-against-<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, JANNO LIEBER, in his official capacity as chair and chief executive officer of the Metropolitan Transportation Authority, NEW YORK CITY TRANSIT AUTHORITY, RICHARD DAVEY, in his official capacity as President of the New York City Transit Authority, and the CITY OF NEW YORK.<br><br>      Defendants. | No. 19-cv-4406 (ER)<br><br>**JOINT ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE, AND SETTING DATES FOR FINAL APPROVAL** |

WHEREAS, on May 15, 2019, the named Plaintiffs filed a putative class action lawsuit (the "Action") in the United States District Court for the Southern District of New York (No. 19-cv-4406) (the "Action") with allegations related to the Defendants'[1] renovations of New York City subway stations without installing elevators or other stair-free paths of travel;

---

[1] "Defendants" refers collectively to all named defendants in this lawsuit.

WHEREAS, the named Plaintiffs sought relief against the Metropolitan Transportation Authority (the "MTA"), New York City Transit Authority (the "NYCTA"), and various MTA and NYCTA leaders in their official capacities (collectively the "Transit Defendants") based upon claims for alleged violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, *et seq.*;

WHEREAS, the named Plaintiffs and the Transit Defendants (collectively, the "Parties"), through their respective counsel have reached a proposed settlement (the "Settlement") set forth in a Settlement Agreement, dated June 22, 2022 (the "Settlement Agreement"), which if approved by the Court in this Action (the "Court"), resolves the claims raised in this Action by Plaintiffs and provides for the dismissal of the City of New York as a defendant;

WHEREAS the Plaintiffs have moved the Court, pursuant to Rule 23(e)(1)(c) for (i) certification of a plaintiff class; (ii) preliminary approval of the proposed Settlement, a copy of which is annexed as Exhibit 1 to the Seaborn Declaration dated September 27, 2022 (ECF 159, Ex. 1); (iii) approval of the Notice of Proposed Settlement of Class Action ("Class Notice"), annexed as Exhibit A; (iv) approval of a plan for providing notice to the class proposed to be certified, as set forth below; and (v) assuming the preliminary approval is granted, for a Fairness Hearing to be conducted no earlier than 104 days after the date that preliminary approval is granted;

WHEREAS Defendants do not oppose the Plaintiffs' Motion; and

WHEREAS the Court has presided over proceedings in the above-captioned action and has reviewed the pleadings and papers on file, and finds good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1.     Unless otherwise stated, the terms in this Order have the meaning set forth in the Settlement Agreement (Seaborn Decl., Exhibit 1).

2.     Nothing contained in this Order is intended to, nor shall be construed to, modify any of the terms of the Settlement Agreement.

3.     The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the named Plaintiffs, the proposed certified class, and Defendants.

4.     The action is certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on the following terms:

   a.   The proposed Class is certified pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure for purposes of settlement as follows:

> All people whose disabilities make the use of stairs difficult or impossible and who require stair-free paths of travel in the New York City subway system.

   b.   The class meets the requirements for class certification under Rule 23(a) of the Federal Rules of Civil Procedure because (1) the number of class members is so numerous that joinder of all class members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the named Plaintiffs are typical of those of the class; and (4) the named Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

   c.   As required by Rule 23(a)(1) of the Federal Rules of Civil Procedure, the class is "so numerous that joinder of all members is impracticable." There are at least

hundreds of thousands of individuals who meet the class definition.  Moreover, the class composition is fluid.

d. As required by Rule 23(a)(2) of the Federal Rules of Civil Procedure, there are a number of questions of law or fact common to the class.  These questions include what types of alterations to an inaccessible subway station should obligate the Transit Defendants to also add elevators or ramps to that station, and what remedial scheme should be instituted to rectify any past failure by the Transit Defendants to renovate subway stations in accordance with disability rights laws.

e. As required by Rule 23(a)(3) of the Federal Rules of Civil Procedure, the named Plaintiffs' claims are typical of the claims of the class.  Each class member's claims arise from their current exclusion, due to their disabilities, from New York City subway stations that lack stair-free access, and all class members would benefit from the named Plaintiffs' actions and the relief afforded under the proposed Stipulation of Settlement.

f. As required by Rule 23(a)(4) of the Federal Rules of Civil Procedure, the named Plaintiffs fairly and adequately protect the interests of the plaintiff class in that (i) Plaintiffs Jessica De La Rosa; Jean Ryan; Bronx Independent Living Services; Brooklyn Center for Independence of the Disabled; Center for Independence of the Disabled, New York; Disabled In Action of Metropolitan New York; and Harlem Independent Living Center, do not have interests that are antagonistic to the interests of the class because all allege harm by the Transit Defendants' conduct and all will benefit from the relief requested in the Action; and (ii) the proposed class counsel, Disability Rights Advocates and Sheppard Mullin Richter

and Hampton LLP, are qualified, experienced, and capable of protecting and advancing the interests of the class.

g.  As required by Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Transit Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

h.  Nothing contained herein shall be deemed to constitute a finding that any of the Defendants' alleged actions or omissions violated Plaintiffs' rights under any federal, State, or local law.  No finding contained herein shall be considered binding or precedential against the Defendants in any action unrelated to the instant proceeding.

5.      The Court hereby appoints Plaintiffs Jessica De La Rosa; Jean Ryan; Bronx Independent Living Services; Brooklyn Center for Independence of the Disabled; Center for Independence of the Disabled, New York; Disabled In Action of Metropolitan New York; and Harlem Independent Living Center as Class representatives.

6.      The Court hereby appoints Disability Rights Advocates ("DRA") and Sheppard Mullin Richter and Hampton LLP ("Sheppard Mullin"), Plaintiffs' attorneys of record, as Class Counsel.

7.      The Proposed Settlement Agreement is the product of arm's length, serious, informed and non-collusive negotiations between experienced and knowledgeable counsel.

8.      The Proposed Settlement Agreement is fair and warrants the dissemination of notice to the Settlement Class apprising them of the Settlement.

9.      The Court hereby grants preliminary approval of the terms and conditions contained in the proposed Settlement Agreement.  The Court preliminarily finds that the terms of

the Settlement Agreement appear to be within the range appropriate for possible approval, pursuant to Rule 23(c) of the Federal Rules of Civil Procedure and applicable law.

10.     The Court hereby approves the Class Notice annexed as Exhibit A.

11.     Within thirty (30) days of this Order Granting Preliminary Approval, the written notice of the Settlement (i.e., the Full Notice and the Short Form Notice (collectively, the "Notice")) shall be disseminated to the Settlement Class, substantially in the form attached as Exhibit A, during the notice period, by the following means:

   a.   Class Counsel will post the Notice in a prominent place on DRA's website and will distribute the Notice by email to stakeholders.

   b.   Plaintiffs Bronx Independent Living Services; Brooklyn Center for Independence of the Disabled; Center for Independence of the Disabled, New York; Disabled In Action of Metropolitan New York; and Harlem Independent Living Center will distribute the Notice to their consumers/members through relevant email listservs and/or on their website and/or social media.

   c.   Transit Defendants will post/distribute the Notice by the following means:

      i.   Posting the Notice on a separate webpage (the "Webpage") that will be accessible via a link to be located in at least two places on the MTA website, including one such link to be placed in the "Accessibility" portion thereof;[2]

      ii.   Including the Notice in The MTA Systemwide Accessibility Team's newsletter;

---

[2] MTA Accessibility, *available at* https://new.mta.info/accessibility.

    iii.  Including the Notice in Digital messages on all Customer Information Center (CIC) screens currently installed at subway stations; and

    iv.  Announcements, during the notice period, at (a) one meeting of the MTA's Advisory Committee for Transit Accessibility, (b) each monthly meeting of the New York City Transit Committee of the Board of the MTA, and (c) one full MTA Board Meeting.

  d.  Transit Defendants will:

    i.  Provide the Notice in a format that is accessible to persons with disabilities, including people with print disabilities; and

    ii.  Translate the Notice into Spanish, Chinese, Korean, Russian, Haitian Creole, and Bengali on the Webpage.

12.    The provision of the Notice as set forth above constitutes valid, due, and sufficient notice to the Settlement Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure. The proposed Notice apprises Settlement Class members in a fair and neutral way of the existence of the Settlement Agreement and their rights with respect to the Settlement Agreement.

13.    Each Party will bear its own costs of giving notice to the Settlement Class, as set forth above, including any associated costs of translation and accessibility related to the giving of such notice. Dissemination of the Notice as provided above is hereby authorized and approved, and satisfies the notice requirement of Rule 23(e) of the Federal Rules of Civil Procedure.

14.     A hearing is appropriate to consider whether this Court should grant final approval to the Settlement Agreement, and to allow adequate time for members of the Settlement Class, or their counsel, to support or oppose this settlement.  The Court will schedule a fairness hearing at least 104 days from the date of this order to permit notification of the proposed settlement to relevant authorities pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act.

15.     A Fairness Hearing pursuant to Rule 23(e), Federal Rules of Civil Procedure, shall be held before the undersigned on April 7, 2023 at 10:00 a.m. in the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, Courtroom 619, to determine whether the proposed settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court.  The hearing may be continued from time to time without further notice.

16.     At least twenty-one (21) days before the Fairness Hearing, the Transit Defendants and Class Counsel will provide declarations to the Court attesting that they each disseminated the Notice.

17.     Any member of the Settlement Class may enter an appearance on his or her own behalf in this action through that Settlement Class member's own attorney (at their own expense) but need not do so.  Settlement Class members who do not enter appearances through their own attorneys will be represented by Class Counsel.

18.     Any member of the Settlement Class may object to the proposed Settlement Agreement.  Any member of the Settlement Class who wishes to object must do so in writing, and all objections must be postmarked by thirty (30) days prior to the Fairness Hearing, and must be sent to the Court, the Transit Defendants, and Disability Rights Advocates at the addresses listed in the Notice.

19.     Any Settlement Class member who fails to properly and timely file and serve objections or comments shall be foreclosed from objecting to the Stipulation of Settlement, unless otherwise ordered by the Court.  Any member of the Settlement Class may also request permission to speak at the Fairness Hearing by submitting a request in writing as outlined above, postmarked by this same deadline.

20.     Class Counsel and the Transit Defendants will respond to any timely filed objections not later than twenty-one (21) days prior to the Fairness Hearing.

21.     Plaintiffs will file their Motion for Final Approval of Settlement no later than twenty-one (21) days before the Fairness Hearing.

*22.*     If for any reason the Court does not endorse the Settlement Agreement without material alteration, the proposed Settlement Agreement and all evidence and proceedings in connection with the Settlement shall be null and void *nunc pro tunc.*

23.     The Court further orders that pending further order from the Court, all proceedings in this Action, except those contemplated herein and in the Stipulation of Settlement, shall be stayed.

IT IS SO ORDERED

DATED: December 15, 2022

_____
The Honorable Edgardo Ramos
United States District Judge

9

# Exhibit A

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUITS

***Center for Independence of the Disabled, New York, et al. v. Metropolitan Transportation Authority, et al. No. 153765/2017 (N.Y. Sup. Ct. N.Y. Co.);***

***De La Rosa, et al. v. Metropolitan Transportation Authority, et al. Case No. No. 19-cv-04406 (ER) (S.D.N.Y.)***

**A court authorized this notice. This is not a solicitation from a lawyer.**

ATTENTION:  If you meet the following description, then you may be a member of the proposed settlement class affected by the above lawsuits:

1.      You have a disability that make the use of stairs difficult or impossible; and

2.      You require stair-free paths of travel in the New York City subway system.

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LAWSUIT.**

## GENERAL INFORMATION

### 1.  Why am I receiving this notice?

The purpose of this notice is to inform you of the proposed settlement (the "Settlement") of two pending class action lawsuits brought on behalf of persons with mobility disabilities, including those who use wheelchairs or other mobility aids (including walkers, crutches or canes), and who use or wish to use the New York City subway system: *Center for Independence of the Disabled, New York, et al. v. Metropolitan Transportation Authority, et al.,* Case No. 153765/2017 (Supreme Court, N.Y. Co.) and *De La Rosa, et al. v. Metropolitan Transportation Authority, et al.*, Case No. 19-cv-4406 (S.D.N.Y.).

### 2.  What are these lawsuits about?

*Center for Independence of the Disabled, New York, et al. v. Metropolitan Transportation Authority, et al.,* Case No. 153765/2017 (Supreme Court, N.Y. Co.)*:*

- This case was filed in New York state court in New York County in 2017 by six disability rights organizations: Center for Independence of the Disabled, New York; Brooklyn Center for Independence of the Disabled; Bronx Independent Living Services; Harlem Independent Living Center; Disabled In Action of Metropolitan New York; New York StateWide Senior Action Council; and two individual Plaintiffs who use wheelchairs: Sasha Blair-Goldensohn and Dustin Jones ("Named Plaintiffs").

- This case alleges that the Defendants, the Metropolitan Transportation Authority ("MTA") and the New York City Transit Authority (collectively "Defendants"), discriminate against individuals with mobility and other disabilities that impact their ability to use stairs by systemically excluding them from the New York City subway

system. Plaintiffs argue that Defendants' failure to install elevators or other forms of stair-free travel at approximately 75% of subway stations denies them equal access to the subway system in violation of the New York City Human Rights Law.

More information about the lawsuit, including the Complaint, is available here: https://dralegal.org/case/cidny-v-mta-state-court/

*De La Rosa, et al. v. Metropolitan Transportation Authority, et al.*, Case No. 19-cv-4406 (S.D.N.Y.):

- This case was filed against Defendants in New York federal court in May 2019 on behalf of two individuals with mobility disabilities, Jessica De La Rosa and Jean Ryan, and the same coalition of disability rights groups from the state court case (with the exception of the New York StateWide Senior Action Council).

- This case claims that Defendants have a discriminatory practice of renovating subway stations without installing elevators or other stair-free routes in violation of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the New York City Human Rights Law.

More information about the lawsuit, including the Complaint, is available here: https://dralegal.org/case/de-la-rosa-v-mta/

The Plaintiffs and Defendants have reached a written agreement (the "Settlement Agreement" or the "Agreement") to settle both of the above lawsuits.  That Agreement must be approved by both the New York state court judge and New York federal court judge before it can be finalized. The details of the Agreement are summarized below.

Because the state case was certified as a class action by the New York state court judge, and the federal case was filed as a potential class action, Plaintiffs in both cases represent a class consisting of all people whose disabilities make the use of stairs difficult or impossible and who require stair-free paths of travel in the New York City subway system (the "Settlement Class").

### 3.  **What is a class action?**

The Plaintiffs made their claims on behalf of themselves and others who might also have been impacted by these practices. The Plaintiffs have been appointed by the Court to serve as <u>Class Representatives</u> on behalf of all the impacted individuals (also called the "Class Members" or the "Class").

### 4.  **Why is there a Settlement?**

Rather than proceed to trial, the Plaintiffs and the Defendants have agreed to settle the case. Plaintiffs believe that the Settlement they have reached is fair, adequate, reasonable, and in the best interests of the Class Members. In reaching this conclusion, the Class Representatives and their lawyers have considered the benefits of the Settlement, the possible outcomes of continued court proceedings, and the expense and length of continued court proceedings and possible appeals.

**5.   Who is covered by the Settlement?**

All people whose disability makes the use of stairs difficult or impossible and who require stair-free paths of travel in the New York City subway system, and who currently use or will use the New York City subway system once it is more accessible.

**6.   What do I do if I'm not sure whether I am included?**

If you are not sure if you are covered by the class, please email Disability Rights Advocates at NYCSubways@dralegal.org or call (332) 217-2363 for more information.

**7.   Can I receive money under the Settlement?**

No. The Settlement does not give any monetary relief to either the Plaintiffs or Class Members. However, the Settlement does not release (give up) any individual claims for monetary damages.

**8.   Do I have to give up any rights if the Settlement is approved?**

Under the Settlement Agreement, the Plaintiffs agree to release (give up) certain claims and release certain claims on behalf of the Class.

- The Plaintiffs give up all claims that were alleged in the above lawsuits, or that could have been alleged in those suits that relate to providing stair-free paths of travel in New York City subway stations; as well as all claims seeking the modification of any subway station to add elevators or ensure a stair-free path of travel, including as part of a station renovation. That means that neither the Plaintiffs nor any Class Member can bring another lawsuit to make Defendants add stair-free access to subway stations.

- The Settlement Agreement does not release any claims to enforce the terms of the Settlement Agreement.

- Settlement Class Members cannot bring a claim alleging violation of or non-compliance with the Settlement Agreement unless the Parties have complied with all of the dispute resolution procedures in the Settlement Agreement.

**9.   What does the Settlement provide for the Plaintiffs?**

The Settlement does not provide any money to the Plaintiffs. The Plaintiffs will receive the same benefits as Class Members will. Those benefits are described below in the section of this notice called, "What Would the Proposed Settlement Agreement Do?"

**10. When will the Court decide if it approves the Settlement?**

In each case, the Court will hold a hearing (called a "Fairness Hearing") to determine whether the proposed Settlement Agreement is fair, adequate, and reasonable, and should be finally approved.

In the state court case, the Fairness Hearing will be held on [insert date/time] before the Honorable Shlomo Hagler.

In the federal court case, the Fairness Hearing will be held on [insert date/time] before the Honorable Edgardo Ramos.

Please contact Disability Rights Advocates for any updated information on attending the hearing. If the Court approves the Settlement after the Fairness Hearing, there could still be appeals. If any appeal is filed, it is uncertain how long it might take to resolve. If the Settlement is approved, and no appeal is filed, the MTA will start taking the actions required by the Settlement.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

- **You can object**—you may write to the Court if you do not agree with the Settlement.

- **You can go to the Fairness Hearing**—you may ask to speak to the Court regarding the fairness of the Settlement.

- **If you do nothing** and the Court approves this Settlement, if you are a Class Member, you will be bound by the terms of the Settlement.

- These rights and options are explained in this Notice. **There are deadlines to exercise these rights and options.**

## WHAT WOULD THE PROPOSED SETTLEMENT AGREEMENT DO?

If the Settlement is approved, Defendants will put into place certain policies and make certain commitments to make the New York City subway system more accessible to people who cannot use stairs.

This notice summarizes the requirements in the Settlement:

A.     Defendants Are Expected to Reach Maximum Accessibility (When 95% of the Stations that are Currently Inaccessible, as identified in the Settlement Agreement, Become Accessible) by 2055

- Defendants will add elevators and/or ramps to stations so that by 2055, at least 95% of the MTA's 364 currently inaccessible stations (as identified in the Settlement Agreement) will provide stair-free paths of travel and can be used by wheelchair users and other individuals with mobility disabilities.

- Defendants also commit to reaching certain milestones to keep them on-track to reach this goal by 2055:

o Defendants will make 81 stations accessible that are included in the 2020-2024 Capital Plan for New York City Transit (the "Capital Plan") or prior approved Capital Plans.

o Defendants will make 85 additional stations accessible by 2035.

o Defendants will make 90 additional stations accessible by 2045.

o Defendants will make 90 additional stations accessible by 2055.

- Achievement of the above milestone dates is based on when contracts to perform the accessibility renovations are advertised, not when the contracts are completed.

- All of these milestone dates are subject to funding availability and contingencies. Defined funding levels are discussed below.

- If the cost of making stations accessible increases by more than 150%, adjusted for inflation, then Defendants can adjust these milestones.

- The Agreement requires Defendants to be in substantial compliance with this commitment to Maximum Accessibility. Substantial compliance will be met if the Defendants make accessible at least 75% of the number of accessible stations identified in the milestones.

- At the end of each Five-year Capital Plan, the MTA will publish a page on its website that shows how many stations they estimate they will make accessible by the end of the next Five-year Capital Plan as well as their progress toward reaching 95% accessibility.

- Defendants will consider the following factors when deciding the order to make stations accessible: citywide geographic coverage; transit transfer options; annual ridership volume; census tract data for senior and disabled populations and percentage of those populations in poverty; residential density of surrounding neighborhoods; and proximity to medical centers, schools, parks, business districts, cultural hubs and senior centers.

B.   Defendants Commit to Minimum Funding Levels to Make the Subway System Accessible Over Time

- Starting with the 2020-2024 Capital Plan, and for all Future Capital Plans where the funding for the Capital Plan is $35.389 billion or more (in 2020 dollars), Defendants will commit to designating no less than 14.69% of the total New York City Transit portion of the Capital Plan funding to renovating subway stations so that they are accessible (by either installing ramps or elevators).

- This minimum funding level will apply as long as "State of Good Repair" needs are not more than 75% of any Capital Plan. State of Good Repair projects renew aspects

of the transit system that have reached the end of their useful life to ensure the system can run safely.

- If State of Good Repair needs are more than 75% of any Capital Plan, then the percentage of funding for accessibility will be reduced by 0.59% for each percentage point above 75%. But, the minimum accessibility funding will always be at least 8% of the total New York City Transit portion of any future Capital Plan where the funding for the Capital Plan is $35.389 billion or more.

- The 2020-2024 Capital Plan as originally approved was $35.389 billion dollars. The above funding scheme assumes that Defendants will receive the same level of funding or higher for future Capital Plans. If Future Capital Plans have less funding (adjusted for inflation) then different accessibility percentages apply:

  o If the Capital Plan is at least $30 billion but less than $35.389 (in 2020 dollars), at least 12% will be dedicated to accessibility.

  o If the Capital Plan is at least $20 billion but less than $30 billion (in 2020 dollars), at least 10% will be dedicated to accessibility.

  o If the Capital Plan is less than $20 billion, Defendants are required to participate in good faith discussions with Plaintiffs about Accessibility Funding.

C.    These Commitments are Defendants' Minimum Commitments to Accessibility and are not a Ceiling

- As part of the Settlement Agreement, Defendants commit to making reasonable efforts to obtain new federal, state, or local sources of funding that can be used to create additional accessible stations.

- If Defendants obtain additional such funding that is only for the purpose of making stations accessible, then this funding is a bonus, and will be on top of the amount Defendants have committed to including for station accessibility in the then-current Five-Year Capital Plan.

- If a subway station is made accessible by private developers at no cost to the Defendants, that station will not count toward Defendants' milestone or other commitments in this Settlement Agreement.

D.    When Defendants Conduct a Significant Renovation at a Subway Station, They Will Also Make that Station Accessible

- Going forward, when a subway station renovation both costs more than $50 million (adjusted for inflation) and the renovation will address all station components at that station that are rated as a 3 or higher on the MTA's Station Conditions Survey,

Defendants will also make the station accessible as part of the station renovation. This is called a Qualifying Station Project.

- This requirement does not serve to increase the number of stations Defendants have committed to make accessible in other sections of the Settlement Agreement. Instead, Defendants are allowed to substitute a Qualifying Station Project with a station they have already committed to make accessible as part of their milestones (*see* Section B, above). Defendants are required to consult with Plaintiffs about which, if any, station they will substitute and will consider Plaintiffs' comments in good faith, although the Transit Defendants will maintain the ultimate authority to decide on the substitution.

- Defendants are also not required to include accessibility as part of a qualifying renovation if it would be "infeasible" to make the station accessible, as defined under federal disability law. If Defendants claim that making a station accessible during a renovation would be infeasible, they are required to meet with Plaintiffs, who may challenge any of Defendants' feasibility determinations.

- Station renovation projects funded in the 2015-2019 Capital Plan are exempted.

E.   <u>Defendants will Provide Plaintiffs Routine Updates about their Progress Toward Making Stations Accessible</u>

- The MTA's Chief Accessibility Officer will provide a progress report to Plaintiffs every 6 months. This report will include:

  o   Defendants' progress toward creating accessible stations and any delays in progress toward meeting the milestones;

  o   The status of all funding and Capital Plan requests, and any contingencies that might impact Defendants' funding for accessibility; and

  o   Any Qualifying Station Project that is part of a station renovation and/or any determinations that making a station accessible as part of a renovation would be infeasible.

F.   Any Benefits Are Subject to Certain Terms and Conditions in the Settlement Agreement

- The MTA's (and other Transit Defendants') responsibilities and commitments are governed by the Settlement Agreement, which is subject to a number of conditions, some of which would modify the Transit Defendants' obligations under the Agreement, in the case of certain unforeseen circumstances, including but not limited to the availability of funding, and acts of God.

## THE LAWYERS IN THE CASE

### 11. Do I have a lawyer in this case?

Yes. If you are a Class Member, attorneys from Disability Rights Advocates, a non-profit law firm, and Sheppard Mullin Hampton and Richter, LLP (together, "Class Counsel") represent you solely for purposes of this Settlement. Both law firms are experienced in handling similar cases regarding disability rights. More information about Disability Rights Advocates and its lawyers' experience is available at http://www.dralegal.org. More information about Sheppard Mullin is available at https://www.sheppardmullin.com/new-york.

You will not be charged for being represented by these lawyers in this matter. If you want to get your own lawyer, you may hire one at your own expense.

### 12. How will the lawyers be paid?

The lawyers will be paid by the Defendants in this case. Defendants will pay Class Counsel's fees and costs for all work done by Class Counsel up to the time the Settlement Agreement is approved. This amount may not exceed $4.5 million in total.

In addition, Defendants will pay Class Counsel their fees and costs for all work performed while monitoring, implementing, and administering the Settlement Agreement subject to certain limits.

**The parties did not negotiate fees or costs until after all other terms of the Settlement were finalized. The payment of attorneys' fees will not impact the commitments made by Defendants under this Settlement.**

## WHAT IF I WANT TO OBJECT TO THE SETTLEMENT AGREEMENT?

The Settlement must be approved by both the state and federal court in each lawsuit to take effect. If you are a member of the Class, you can object to the Settlement if you do not agree with it. You can give reasons why you think the Court should not approve the Settlement so that the Court can consider your views. You cannot ask the Court to change the terms of the Settlement; the Court can only approve or deny the Settlement. If the Court denies the Settlement, the actions outlined in this notice will not occur and the lawsuit will continue.

Both the state and federal courts have preliminarily approved the Settlement Agreement, and have scheduled hearings for [insert date/time ordered by the Court] to determine whether the proposed Settlement Agreement is fair and reasonable and should be approved on a final basis.

To file an objection to the Settlement in *Center for Independence of the Disabled, New York, et al. v. Metropolitan Transportation Authority, et al.,* Case No. 153765/2017 (Supreme Court, N.Y. Co.), you must send the state court a written objection at the address below for the state court. To file an objection to the Settlement in *De La Rosa, et al. v. Metropolitan Transportation Authority, et al.*, Case No. 19-cv-4406 (S.D.N.Y.), you must send the federal court a written objection at the address below for the federal court. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement.

Your written objection to the Settlement in *Center for Independence of the Disabled, New York, et al. v. Metropolitan Transportation Authority, et al.,* Case No. 153765/2017 (Supreme Court, N.Y. Co.) must be received by the state court no later than [insert date]. The objection must be addressed to:

> Hon. Shlomo S. Hagler
> Supreme Court of New York
> Courtroom 335, Part 17
> 60 Centre Street
> New York, NY 10007

> With copies sent to:

> Torie Atkinson
> Disability Rights Advocates
> 655 Third Avenue, Fourteenth Floor
> New York, NY 10017-5621

> Allan J. Arffa
> Gregory F. Laufer
> Paul, Weiss, Rifkind, Wharton & Garrison LLP
> 1285 Avenue of the Americas
> New York, NY 10019

Your written objection to the Settlement in *De La Rosa, et al. v. Metropolitan Transportation Authority, et al.*, Case No. 19-cv-4406 (S.D.N.Y.), must be received by the federal court no later than [insert date]. The objection must be addressed to:

> Hon. Edgardo Ramos
> Thurgood Marshall United States Courthouse
> 40 Foley Square
> New York, NY 10007

> With copies sent to:

> Rebecca Rodgers
> Disability Rights Advocates
> 655 Third Avenue, Fourteenth Floor
> New York, NY 10017-5621

> Allan J. Arffa
> Gregory F. Laufer
> Paul, Weiss, Rifkind, Wharton & Garrison LLP
> 1285 Avenue of the Americas
> New York, NY 10019

**When Will the Court Make a Decision About Approving the Settlement?**

There will also be two hearings for the Courts to determine whether to approve the Settlement.

For state court, the hearing will be held on DATE/TIME in the Courtroom of the Honorable Justice Shlomo Hagler located at:

> Supreme Court of New York
> Courtroom 335, Part 17
> 60 Centre Street
> New York, NY 10007

For federal court, the hearing will be held on DATE/TIME in the Courtroom of the Honorable Judge Edgardo Ramos located at:

> Thurgood Marshall United States Courthouse
> Southern District of New York
> 40 Foley Square
> New York, NY 10007

Any changes to the hearing dates or times will be available on the Disability Rights Advocates website at [insert website address].

**13. Do I have to attend the hearing?**

No. The lawyers from Disability Rights Advocates and Sheppard Mullin will attend the hearing and answer any questions the Judge may have about the case. You are welcome to attend the hearing if you would like, but you must pay for your own travel to the hearing if it is held in person or provide your own internet access if the hearing is held remotely.

If you sent an objection letter, you are not required to come to the hearing to talk about your letter. All you have to do to properly object is send your written letter by the deadline. If you have your own lawyer, you may also pay your lawyer to be at the hearing, but that is up to you.

**14. Am I allowed to speak at the hearing?**

You can ask the Court for permission to speak at the Fairness Hearing. Please note that any costs incurred for attending the hearing will be at your own expense. To request to speak at the hearing, you must send a letter saying that it is your intention to appear the case and list the case number. Make sure to include your name, address, telephone number, and signature, and list any witnesses you may call to testify and exhibits you intend to introduce into evidence at the hearing.  You may also want to provide the Court with the information needed to contact you electronically.

Although you are not required to attend the final approval hearing, as a Class Member, you may participate in, and be heard at, the hearing. You may appear on your own or through an attorney. If you appear through an attorney, you are responsible for paying that attorney. The hearing date may be changed by the Court without further notice to the entire class. If you wish to receive

electronic notice of any changes to the schedule, please file a notice of appearance with the Court and include a valid e-mail address at which you can receive notice.

**15. <u>What if I do not do anything?</u>**

You do not need to do anything to receive the future benefits of this Settlement once it is approved.

**IF YOU DO NOT TIMELY SUBMIT AN OBJECTION AS DESCRIBED IN THIS NOTICE, YOU WILL BE DEEMED TO HAVE WAIVED YOUR OBJECTION AND LOSE THE ABILITY TO MAKE ANY OBJECTION TO THE SETTLEMENT AGREEMENT.**

**<u>HOW DO I GET MORE INFORMATION?</u>**

This notice summarizes the proposed Settlement Agreement. You can review the actual Settlement Agreement and its precise terms and conditions by:

1.      Visiting https://dralegal.org/press/mta-settlement/

2.      Contacting Class Counsel at the following:

>       Disability Rights Advocates
>       Attn: Torie Atkinson
>       655 Third Avenue, 14th Floor
>       New York, NY 10017
>       nycsubways@dralegal.org
>       Telephone: (332) 217-2363

3.      Accessing the court docket for these cases through the Courts' Public Access to Court Electronic Records (PACER) system at https://iapps.courts.state.ny.us/nyscef/HomePage (Case No. 153765/2017) for the state case and https://pacer.login.uscourts.gov/ (Case No. 19-cv-4406) for the federal case.

**PLEASE DO NOT TELEPHONE THE COURTS OR THE COURT CLERKS' OFFICES TO INQUIRE ABOUT THE SETTLEMENT AGREEMENT.**

**To obtain copies of this Notice in alternative accessible formats, please contact Class Counsel listed above.**

**This Notice is also available in Spanish. To obtain copies of this Notice or the Settlement Agreement in Spanish, please contact Plaintiffs or Defendants at [insert contact info].**

**Este Aviso también está disponible en español. Para obtener copias de este Aviso o el Acuerdo resolutorio en español, comuníquese con los Demandantes o Demandados al [insert contact info].**

[Insert instructions to obtain copies of the Notice in additional languages]

**YOU MIGHT BE AFFECTED BY A PROPOSED CLASS ACTION SETTLEMENT
ABOUT THE ACCESSIBILITY OF THE NEW YORK CITY SUBWAY SYSTEM**

A court authorized this notice. This is not a solicitation from a lawyer.

**You might be a member of a proposed settlement class if:**

1. **You have a disability that makes the use of stairs difficult or impossible; and**

2. **You require stair-free paths of travel in the New York City subway system.**

**PLEASE READ**

The proposed settlement agreement would settle two pending class action lawsuits brought by multiple disability rights organizations and several individuals who use wheelchairs against the MTA and NYC Transit ("Defendants"). These cases challenge the inaccessibility of the New York City subway system on behalf of persons with mobility disabilities, including those who use wheelchairs or other mobility aids (including walkers, crutches or canes).

The first lawsuit, *Center for Independence of the Disabled, New York v. Metropolitan Transportation Authority,* Case No. 153765/2017 (Supreme Court, NY County*)*, alleges that Defendants' failure to install elevators or other forms of stair-free travel at approximately 75% of subway stations denies them equal access to the system in violation of NYC local law. The second lawsuit, *De La Rosa v. Metropolitan Transportation Authority*, Case No. 19-cv-4406 (S.D.N.Y.), argues that Defendants have a discriminatory practice of renovating subway stations without installing stair-free routes in violation of federal and local law.

In 2022, the Parties reached a settlement of both lawsuits, in which Defendants agreed, subject to certain conditions, to:

1. Ensure that at least 95% of the MTA's 364 currently-inaccessible subway stations (as identified in the settlement agreement) are accessible by 2055 (subject to terms including funding availability and inflation).

2. Commit to defined funding levels for each MTA Five Year Capital Plan to be used to renovate stations to provide stair-free access.

3. Modify their policies to require the addition of stair-free access during certain station renovation projects.

**TO LEARN MORE, OR READ THE FULL NOTICE VISIT DRALEGAL.ORG, EMAIL
NYCSUBWAYS@DRALEGAL.ORG, OR CALL 332-217-2363.**

To obtain copies of this Notice in alternative accessible formats or languages please email NYCsubways@dralegal.org, or call 332-217-2363.