UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA DE LA ROSA, JEAN RYAN, BRONX INDEPENDENT LIVING SERVICES, BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK, DISABLED IN ACTION OF METROPOLITAN NEW YORK, HARLEM INDEPENDENT LIVING CENTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, JANNO LIEBER, in his official capacity as chair and chief executive officer of the Metropolitan Transportation Authority, NEW YORK CITY TRANSIT AUTHORITY, RICHARD DAVEY, in his official capacity as President of the New York City Transit Authority, and the CITY OF NEW YORK.<br><br>Defendants. | No. 19-cv-4406 (ER)<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |

WHEREAS, on May 15, 2019, the named Plaintiffs filed a putative class action lawsuit (the "Action") in the United States District Court for the Southern District of New York (No. 19-cv-4406) (the "Action") with allegations related to the Defendants'[1] renovations of New York City subway stations without installing elevators or other stair-free paths of travel;

---

[1] "Defendants" refers collectively to all named defendants in this lawsuit.

WHEREAS, the named Plaintiffs sought relief against the Metropolitan Transportation Authority (the "MTA"), New York City Transit Authority (the "NYCTA"), and various MTA and NYCTA leaders in their official capacities (collectively the "Transit Defendants") based upon claims for alleged violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, *et seq.*;

WHEREAS, the named Plaintiffs and the Transit Defendants (collectively, the "Parties"), through their respective counsel have reached a proposed settlement (the "Settlement") set forth in a Settlement Agreement, dated June 22, 2022 (ECF 159-1, the "Settlement Agreement"), which if approved by the Court in this Action (the "Court"), resolves the claims raised in this Action by Plaintiffs and provides for the dismissal of the City of New York as a defendant;

WHEREAS, on December 15, 2022, the Court issued an order: (i) certifying the plaintiff class identified in the Settlement Agreement (the "Class"); (ii) appointing certain plaintiffs as Class representatives; (iii) appointing Plaintiffs' attorneys of record as Class Counsel; (iv) finding that the proposed Settlement Agreement was fair, warranting dissemination of notice to the Class; (v) approving the "Class Notice" and a plan to disseminate the Class Notice; and (vi) preliminarily approving the Settlement Agreement (ECF 175, the "Preliminary Approval Order");

WHEREAS, the Preliminary Approval Order also set deadlines for the receipt of written objections to the Settlement Agreement by Class Counsel and scheduled a Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for April 7, 2023 at 10:00am (ECF 175);

WHEREAS, the Parties disseminated the Class Notice to the Class consistent with this Court's Preliminary Approval Order;

WHEREAS, Class Counsel did not receive any written objections to the Settlement Agreement postmarked as of March 8, 2023, the deadline for such objections;

WHEREAS, the Court held a Fairness Hearing on April 7, 2023 at 10:00AM [and as of that date, Class Counsel still has not received any written objections to the Settlement Agreement, nor were any objections to the Settlement Agreement raised at the hearing];

WHEREAS, Plaintiffs have moved the Court for final approval of the proposed Settlement Agreement;

WHEREAS, Defendants do not oppose the Plaintiffs' Motion; and

WHEREAS, the Court has presided over proceedings in the above-captioned action and has reviewed the pleadings and papers on file, and finds good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Unless otherwise stated, the terms in this Order have the meaning set forth in the Settlement Agreement (ECF 159-1).

2. Nothing contained in this Order is intended to, nor shall be construed to, modify any of the terms of the Settlement Agreement.

3. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the named Plaintiffs, the certified Class, and Defendants.

4. The Court finds that the Settlement Agreement is fair, adequate, and reasonable to all known and potential Class members.

5. It further appears that attorneys for the Parties conducted extensive evaluation of the merits of this case such that they were able to reasonably evaluate their respective positions. It also appears that the Settlement Agreement will, at this time, avoid substantial additional costs to the Parties, as well as avoid the delay and the risks inherent in further litigation. The Court has reviewed the relief granted by the Settlement Agreement and recognizes the significant value to the Class of the injunctive relief set forth therein.

6. It further appears that the Settlement Agreement has been reached as the result of arm's length, serious, informed and non-collusive negotiations between experienced and knowledgeable counsel.

7. Transit Defendants served proper notice of the Settlement Agreement under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

8. Distribution of Notice of the Settlement Agreement by the Parties was done in a manner and form consistent with the Court's Preliminary Approval Order (ECF 175).

9. The provision of the Notice as set forth above constitutes valid, due, and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure.  The Notice apprises Class members in a fair and neutral way of the existence of the Settlement Agreement and their rights with respect to the Settlement Agreement.

10. The Court hereby grants final approval of the Settlement Agreement (ECF 159-1).

11. The Court retains continuing jurisdiction over this matter for a period of time through the Termination Date, as defined in the Settlement Agreement, including the power to adjudicate any dispute or controversy between the Parties concerning the interpretation of the terms or enforcement of the Settlement Agreement and this Order, and to be able to determine

the amount of an award of attorneys' fees and costs, to which Class Counsel is entitled, if the Parties are unable to reach an agreement as to that amount and seek the Court's assistance.

IT IS SO ORDERED

DATED: April 7, 2023

_____
The Honorable Edgardo Ramos
United States District Judge