# EXHIBIT 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CENTER FOR INDEPEND ENCE OF THE
DISABLED, NEW YORK, a nonprofit
organization; BROOKLYN CENTER FOR
INDEPENDENCE OF THE DISABLED, a
nonprofit organization; BRONX INDEPENDENT
LIVING SERVICES, a nonprofit organization;
HARLEM INDEPENDENT LIVING CENTER, a
nonprofit organization; DISABLED IN ACTION
OF METROPOLITAN NEW YORK, a nonprofit
organization; NEW YORK STATEWIDE
SENIOR ACTION COUNCIL, a nonprofit
organization; SASHA BLAIR-GOLDENSOHN,
an individual; DUSTIN JONES, an individual; on
behalf of themselves and all others similarly
situated,

No. 153765/2017

[~~PROPOSED~~] ORDER GRANTING
FINAL APPROVAL OF CLASS
SETTLEMENT

Plaintiffs,

-against-

METROPOLITAN TRANSPORTATION
AUTHORITY, a public benefit corporation;
VERONIQUE HAKIM, in her official capacity as
interim executive director of the Metropolitan
Transportation Authority; NEW YORK CITY
TRANSIT AUTHORITY, a public benefit
corporation; DARRYL C. IRICK, in his official
capacity as acting president of the New York City
Transit Authority; and the CITY OF NEW YORK,

Defendants.

WHEREAS, on April 25, 2017, Plaintiffs filed this class action lawsuit alleging that

Defendants' ownership, operation, and maintenance of the NYC subway system, which provided

stair-free access at only 20% of stations at the time of filing, discriminates against people whose

disabilities made their use of stairs difficult or impossible. NYSCEF No. 2;

WHEREAS, Plaintiffs sought relief against the Metropolitan Transportation Authority (the "MTA"), New York City Transit Authority (the "NYCTA"), various MTA and NYCTA leaders in their official capacities (collectively, the "Transit Defendants") based upon alleged violations of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, *et seq.*;

WHEREAS, on February 22, 2021, this Court certified a class of "all people whose disabilities make the use of stairs difficult or impossible and who require stair-free paths of travel to access the New York City subway system," and appointed Disability Rights Advocates and Sheppard Mullin Richter & Hampton LLP as class counsel. NYSCEF No. 226;

WHEREAS, Plaintiffs and the Transit Defendants (collectively, the "Parties"), through their respective counsel have reached a proposed settlement (the "Settlement") set forth in a Settlement Agreement, dated June 22, 2022 (the "Settlement Agreement") (NYSCEF No. 244), which, if approved by the Court, resolves the claims raised in this Action by Plaintiffs and provides for the dismissal of the City of New York as a defendant;

WHEREAS, on December 9, 2022, the Court issued an order: (i) finding that the proposed Settlement agreement was fair, warranting dissemination of the notice to the Class; (ii) approving the "Class Notice" and a plan to disseminate the Class Notice; and (iii) preliminarily approving the Settlement Agreement (NYSCEF No. 264, the "Preliminary Approval Order");

WHEREAS, the Preliminary Approval Order also set deadlines for the receipt of written objections to the Settlement Agreement by Class Counsel and scheduled a Fairness Hearing for April 24, 2023 at 10:00AM;

WHEREAS, the Parties disseminated the Class Notice to the Class consistent with this Court's Preliminary Approval Order;

2

WHEREAS, Class Counsel did not receive any written objections to the Settlement Agreement postmarked as of March 24, 2023, the deadline for such objections;

WHEREAS, the Court held a Fairness Hearing on April 24, 2023 at 10:00AM [and as of that date, Class Counsel still has not received any written objections to the Settlement Agreement, nor were any objections to the Settlement Agreement raised at the hearing];

WHEREAS, Plaintiffs have moved the Court for final approval of the proposed Settlement Agreement;

WHEREAS, Defendants do not oppose the Plaintiffs' Motion; and

WHEREAS, the Court has presided over proceedings in the above-captioned action and has reviewed the pleadings and papers on file, and finds good cause appearing:

IT IS HEREBY ORDERED AS FOLLOWS:

1. Unless otherwise stated, the terms in this Order have the meaning set forth in the Settlement Agreement.

2. Nothing contained in this Order is intended to, nor shall be construed to, modify any of the terms of the Settlement Agreement.

3. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the named Plaintiffs, the certified class, and Defendants.

4. The Court finds that the Settlement Agreement is fair, adequate, and reasonable to all known and potential Class members.

5. It further appears that attorneys for the Parties conducted extensive evaluation of the merits of this case such that they were able to reasonably evaluate their respective positions. It also appears that the Settlement Agreement will, at this time, avoid substantial additional costs to the Parties, as well as avoid the delay and the risks inherent in further litigation. The

Court has reviewed the relief granted by the Settlement Agreement and recognizes the significant value to the Class of the injunctive relief set forth therein.

6. It further appears that the Settlement Agreement has been reached as the result of arm's length, serious, informed and non-collusive negotiations between experienced and knowledgeable counsel.

7. Distribution of Notice of the Settlement Agreement by the Parties was done in a manner and form consistent with the Court's Preliminary Approval Order (NYSCEF 264).

8. The Notice constitutes valid, due, and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of C.P.L.R. § 908. The Notice apprises Class members in a fair and neutral way of the existence of the Settlement Agreement and their rights with respect to the Settlement Agreement.

9. The Court hereby grants final approval of the Settlement Agreement.

IT IS SO ORDERED

DATED: April 24, 2023

_____
The Honorable Shlomo S. Hagler
Justice of New York County Supreme Court