# EXHIBIT G

FILED: NEW YORK COUNTY CLERK 08/07/2023 05:34 PM    INDEX NO. 157036/2023

NYSCEF DOC. NO. 35                                              RECEIVED NYSCEF: 08/07/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------- x

In the Matter of the Application of

**ADRIANO ESPAILLAT, individually as a subway rider, ROBERT JACKSON, individually as a subway rider, MANNY DE LOS SANTOS, individually as a subway rider, CARMEN DE LA ROSA, individually as a subway rider, MICHAEL SCHWEISNBERG, individually as a subway rider and as President of the 504 DEMOCRATIC CLUB;**

**On behalf of classes of subway riders, similarly situated;**

**And**

**ROBERT KELLY, Vice President of LOCAL 100 TRANSPORT WORKERS UNION OF GREATER NEW YORK; BRIAN BROOKS; LOURDES BOCHELLI; BRENDA WICKER; and EDITH APONTE;**

*Petitioners,*

*-against-*

**NEW YORK CITY TRANSIT AUTHORITY,**

*Respondent,*

*For an Order Pursuant to Article 78 of the Civil Practice Law and Rules.*

-------------------------------------------------------------------------- X

**Index No.** 157036/2023
(M. Sweeting)

**FIRST AMENDED
VERIFIED ANSWER**

Pursuant to N.Y. C.P.L.R. 3025(a) (McKinney), Respondent New York City Transit

Authority ("NYCTA"), by its attorneys, Proskauer Rose LLP, hereby answers the Verified Class

Action Petition of Adriano Espaillat (individually and as a class representative), Robert Jackson

(individually and as a class representative), Manny De Los Santos (individually and as a class

representative), Carmen De La Rosa (individually and as a class representative), Michael

Schweinsberg (individually, organizationally on behalf of 504 Democratic Club ("504DC") and

Case 1:19-cv-04406-ER Document 211-7 Filed 09/20/23 Page 3 of 27

as a class representative), and Robert Kelly (organizationally on behalf of Transport Workers Union of Greater New York, Local 100 ("TWU")), Brian Brooks, Lourdes Bochelli, Brenda Wicker and Edith Aponte (collectively, "Petitioners"), filed on July 13, 2023, as follows:

1.      Paragraph 1 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 1 contains factual allegations requiring a response, Respondent denies these allegations except admit that Petitioners purport to petition this Court for the relief requested therein.

2.      Denies the allegations contained in Paragraph 2 of the Verified Class Action Petition.

3.      Paragraph 3 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraphs 3 contains factual allegations requiring a response, Respondent denies these allegations except admit that Petitioners purport to bring this action.

      a.  Paragraph 3(a) of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 3(a) contains factual allegations requiring a response, Respondent denies these allegations.

      b.  Paragraph 3(b) of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 3(b) contains factual allegations requiring a response, Respondent denies these allegations.

      c.  Paragraph 3(c) of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 3(c) contains factual allegations requiring a response, Respondent denies these allegations.

      d.  Paragraph 3(d) of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 3(d) contains factual allegations requiring a response, Respondent denies these allegations.

2

    e.  Paragraph 3(d) of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 3(d) contains factual allegations requiring a response, Respondent denies these allegations.

4.      Paragraph 4 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 4 contains factual allegations requiring a response, Respondent denies these allegations.

5.      Paragraph 5 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 5 contains factual allegations requiring a response, Respondent denies these allegations.

6.      Denies the allegations contained in Paragraph 6 of the Verified Class Action Petition except admits Petitioners purport to bring this action.

    a.  Denies the allegations contained in Paragraph 6(a) of the Verified Class Action Petition except admits Petitioner Adriano Espaillat is the elected Congressional Representative for the 13th Congressional District in New York and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Petitioner Adriano Espaillat's subway use.

    b.  Denies the allegations contained in Paragraph 6(b) of the Verified Class Action Petition except admits Petitioner Robert Jackson is the elected N.Y. State Senator for the 31st Senatorial District in New York and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Petitioner Robert Jackson's subway use.

    c.  Denies the allegations contained in Paragraph 6(c) of the Verified Class Action Petition except admits Petitioner Manny De Los Santos is the elected N.Y. State

Case 1:19-cv-04406-ER    Document 211-7    Filed 09/20/23    Page 5 of 27

Assembly Member for the 72nd Assembly District in New York and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Petitioner Manny De Los Santos' subway use.

d.   Denies the allegations contained in Paragraph 6(d) of the Verified Class Action Petition except admits Petitioner Carmen de la Rosa is the elected N.Y. City Council Member for the 10th City Council District in New York and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Petitioner Carmen de la Rosa's subway use.

e.   Denies the allegations contained in Paragraph 6(e) of the Verified Class Action Petition and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding (i) Petitioner Michael Schweinsberg's subway use and disability and (ii) Petitioner 504 Democratic Club's membership and mission.

f.   Admits the allegations contained in Paragraph 6(f) of the Verified Class Action Petition except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Petitioner Robert Kelly's subway use.

g.   Denies the allegations contained in Paragraph 6(g) except admits Brian Brooks, Lourdes Borchelli, Brenda Wicker, and Edith Aponte are employed by Respondent as Stations Cleaner.

7.      Denies the allegations contained in Paragraph 7 of the Verified Class Action Petition except admits (i) NYCTA's principal office is located at 2 Broadway, New York New York and avers that (i) NYCTA is a public benefit corporation created under the N.Y. Public Authorities Law, (ii) NYCTA is an affiliate of the Metropolitan Transportation Authority.

4

8.      Denies the allegations contained in Paragraph 8 of the Verified Class Action Petition except admits that the Petitioners purport to bring this action and petition this Court for the relief requested therein.

9.      Denies the allegations contained in Paragraph 9 of the Verified Class Action Petition except admits the Petitioners purport to seek to represent classes identified therein.

10.      Denies the allegations contained in Paragraph 10 of the Verified Class Action Petition except admits that the Petitioners purport to bring this action and petition this Court for the relief requested therein.

11.      Paragraph 11 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 11 contains factual allegations requiring a response, Respondent denies the allegations.

12.      Paragraph 12 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 12 contains factual allegations requiring a response, Respondent denies the allegations.

13.      Paragraph 13 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 13 contains factual allegations requiring a response, Respondent denies the allegations.

14.      Paragraph 14 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 14 contains factual allegations requiring a response, Respondent denies the allegations.

15.      Paragraph 15 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 15 contains factual allegations requiring a response, Respondent denies the allegations.

5

16.    Admits the allegations contained in Paragraph 16 of the Verified Class Action Petition and refers the Court to the statute referenced for its full and complete content.

17.    Admits the allegations contained in Paragraph 17 of the Verified Class Action Petition and refers the Court to the statute referenced for its full and complete content.

18.    Admits the allegations contained in Paragraph 18 of the Verified Class Action Petition and refers the Court to the statute referenced for its full and complete content.

19.    Denies the allegations contained in Paragraph 19 of the Verified Class Action Petition regarding the first set of quoted text purportedly from Section 8-107(4) of the NYC Human Rights Law and avers that the quoted text is from Section 8-107(1)(a) of the NYC Human Rights Law and refers the Court to the statute referenced for its full and complete content.

20.    Admits the allegations contained in Paragraph 20 of the Verified Class Action Petition and refers the Court to the statute referenced for its full and complete content.

21.    Denies the allegations contained in Paragraph 21 of the Verified Class Action Petition and avers that the quoted text is from Section 8-107(17) of the NYC Human Rights Law and refers the Court to the statute referenced for its full and complete content.

22.    Denies the allegations contained in Paragraph 22 of the Verified Class Action Petition except admits the subway transit system provides the public with an essential transportation services.

23.    Denies the allegations contained in Paragraph 23 of the Verified Class Action Petition and avers that the (i) 191st Street Station (served by the 1 Line) is located underground at the intersection of St. Nicholas Avenue and 191st Street in the Washington Heights section of Manhattan; (ii) 181st Street Station (served by the 1 Line) is located underground at the intersection of St. Nicholas Avenue and 181st Street and the 181s Street Station (served by the A

6

FILED: NEW YORK COUNTY CLERK 08/07/2023 05:34 PM    INDEX NO. 157036/2023
NYSCEF DOC. NO. 35                                    RECEIVED NYSCEF: 08/07/2023

Line) is located underground at the intersection of Fort Washington Avenue and 181st Street in the Washington Heights section of Manhattan; (iii) 168th Street Station (served by the 1, A and C Lines) is located underground at the intersection of Broadway and 168th Street in the Washington Heights section of Manhattan; and (iv) the 190th Street Station (served by the A Line) is located underground at the intersection of Fort Washington Blvd and Cabrini Blvd in the Washington Heights section of Manhattan.

24.      Denies the allegations contained in Paragraph 24 of the Verified Class Action Petition and refers the Court to Paragraphs 74-95, below.

25.      Paragraph 25 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 25 contains factual allegations requiring a response, Respondent denies the allegations.

26.      Denies the allegations contained in Paragraph 26 of the Verified Class Action Petition and refers the Court to Paragraphs 90-99, below.

27.      Denies the allegations contained in Paragraph 27 of the Verified Class Action Petition and refers the Court to the documents referenced for their full and complete content and Paragraphs 96-121, below.

28.      Denies the allegations contained in Paragraph 28 of the Verified Class Action Petition and refers the Court to the documents referenced for their full and complete content and Paragraphs 113-116, below.

29.      Denies the allegations contained in Paragraph 29 of the Verified Class Action Petition.

30.      Denies the allegations contained in Paragraph 30 of the Verified Class Action Petition.

31.      Paragraph 31 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 31 contains factual allegations requiring a response,

7

Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

32.    Denies the allegations contained in Paragraph 32 of the Verified Class Action Petition.

33.    Denies the allegations contained in Paragraph 33 of the Verified Class Action Petition and refers to Paragraph 120, below.

34.    Paragraph 34 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 34 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

35.    Paragraph 35 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 35 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

36.    Paragraph 36 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 36 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

37.    Paragraph 37 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 37 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

38.    Paragraph 38 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 38 contains factual allegations requiring a response,

8

FILED: NEW YORK COUNTY CLERK 08/07/2023 05:34 PM   INDEX NO. 157036/2023

NYSCEF DOC. NO. 35                                                    RECEIVED NYSCEF: 08/07/2023

Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

39.     Paragraph 39 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 39 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

40.     Paragraph 40 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 40 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

41.     Paragraph 41 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 41 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

42.     Paragraph 42 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 42 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

43.     Paragraph 43 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 43 contains factual allegations requiring a response, Respondent denies these allegations except admit that Petitioners purport to petition this Court for the relief requested therein.

9

Case 1:19-cv-04406-ER    Document 211-7    Filed 09/20/23    Page 11 of 27
INDEX NO. 157036/2023

RECEIVED NYSCEF: 08/07/2023

44.     Paragraph 44 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 44 contains factual allegations requiring a response, Respondent denies the allegations.

45.     Paragraph 45 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 45 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

46.     Paragraph 46 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 46 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

47.     Paragraph 47 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 47 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

48.     Paragraph 48 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 48 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

49.     Paragraph 49 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 49 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

50.     Paragraph 50 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 50 contains factual allegations requiring a response, Respondent denies the allegations.

51.     Denies the allegations contained in Paragraph 51 of the Verified Class Action Petition.

52.     Denies the allegations contained in Paragraph 52 of the Verified Class Action Petition.

53.     Paragraph 53 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 53 contains factual allegations requiring a response, Respondent denies the allegations.

54.     Paragraph 54 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 54 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

55.     Denies the allegations contained in Paragraph 55 of the Verified Class Action Petition.

56.     Paragraph 56 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 56 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

57.     Paragraph 57 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 57 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

58.     Paragraph 58 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 58 contains factual allegations requiring a response,

11

Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

59.     Paragraph 59 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 59 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

60.     Paragraph 60 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 60 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

61.     Paragraph 61 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 61 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

62.     Paragraph 62 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 62 contains factual allegations requiring a response, Respondent denies the allegations.

63.     Paragraph 63 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 63 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

12

64.     Paragraph 64 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 64 contains factual allegations requiring a response, Respondent denies the allegations.

65.     Paragraph 65 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 65 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

66.     Paragraph 66 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 66 contains factual allegations requiring a response, Respondent denies the allegations.

67.     Denies the allegations contained in Paragraph 67 of the Verified Class Action Petition.

68.     Paragraph 68 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 68 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

69.     Paragraph 69 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 69 contains factual allegations requiring a response, Respondent denies the allegations.

70.     Paragraph 70 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 70 contains factual allegations requiring a response, Respondent denies the allegations and refers the court to the authority referenced for its full and complete content.

71.     Paragraph 71 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 71 contains factual allegations requiring a response, Respondent denies the allegations.

72.     Paragraph 72 of the Verified Class Action Petition contains legal argument that does not require a response. To the extent Paragraph 72 contains factual allegations requiring a response, Respondent denies the allegations.

73.     As to the "Prayer for Relief", Paragraphs 1, 2 and 3 constitutes a prayer for relief, to which no response is required. To the extent any response may be deemed required, Respondent denies each and every allegation of these paragraphs and specifically denies that Petitioners are entitled to any relief whatsoever.

### **FURTHER ANSWERING THE VERIFIED CLASS ACTION PETITION**

74.     NYCTA operates the New York City subway system, which is the largest subway system in the United States.

75.     There are 300 elevators in the New York City subway system available for passenger use. 114 subway stations are equipped with elevators, out of a total 472 stations system-wide.

76.     The 168th Street A and 1 Station, the 181st Street A and 1 Stations, the 190th Street A Station, and the 191st Street 1 Train Station, all located in the upper-Manhattan neighborhood of Washington Heights, have elevators.

77.     In the 181st Street and 168th Street Stations, the only means to access the station from street level is by elevator.  There is one other station in the system with elevator-only access: the Clark Street Station on the 2 and 3 lines.

78.     Riders can access the 190th Street and 191st Street Stations by elevator or pedestrian pathways, such as stairwells and ramps.

14

FILED: NEW YORK COUNTY CLERK 08/07/2023 05:34 PM    INDEX NO. 157036/2023
NYSCEF DOC. NO. 35                                                RECEIVED NYSCEF: 08/07/2023

79.    The 168th Street A and 1 Station, the 181st Street A and 1 Stations, the 190th Street A Station, and the 191st Street 1 Station are the only stations in the transit system that have NYCTA staff attending elevators.

80.    The Washington Heights stations each have multiple elevators. The 168th Street and 191st Street Stations both have 4 elevators. The 190th Street Station has 3 elevators. At 181st Street, there are 3 elevators for the A line and 4 elevators for the 1 line.  These elevators are located in common elevator banks within the stations.

81.    In each of the Washington Heights stations, there is only one elevator with an elevator attendant.  All other elevators are not staffed.

82.    In the Washington Heights stations and all other stations in the transit system with elevators, passengers can and do use the elevators without assistance from NYCTA staff.

83.    All elevators operate by pressing a call button to retrieve the elevator and selecting the riders' desired floor or level within the system.

84.    The A and C line section of the 168th Street Station is the only one of the Washington Heights stations that is part of the transit system's accessible pathway for the mobility impaired. At this station, there is elevator service from the street level to the platform.

85.    At the 191st Street, 190th Street, and 181st Street Stations, as well as the 1 line section of the 168th Street Station, elevators run from the street to the mezzanine but not to the platforms where riders board the subway.

86.    The presence of an elevator attendant at the Washington Heights stations does not impact mobility impaired riders' current level of access.

87.    NYCTA employees holding the title of Cleaner work within the stations of the transit system and are represented by Petitioner TWU.

15

NYSCEF DOC. NO. 35    RECEIVED NYSCEF: 08/07/2023

88.    TWU and NYCTA are parties to a collective bargaining agreement which sets the terms and conditions of employment for TWU members, including those in the title of Cleaner.  The collective bargaining agreement has been extended by memoranda of understanding ("MOU").  A successor MOU for the period of May 16, 2023-May 15, 2026 was ratified by TWU members on July 17, 2023.

89.    Generally, Cleaners' responsibilities are to maintain a clean environment in the stations.

90.    The collective bargaining agreement between TWU and NYCTA permits a total of forty (40) restricted duty jobs for Cleaners to be made available for employees to pick.  The assignment of elevator operator was created as one of these restricted duty jobs for Cleaners.

91.    There are a very limited number of assignments for Cleaners to attend elevators.  As a restricted duty job, the elevator attendant is for employees with physical or medical restrictions.  The elevator attendant assignment consists of riding in elevators with passengers and pressing buttons to call the elevator.

92.    The responsibilities of the elevator attendant assignment do not include any security-related duties.

93.    Beginning on or about April 2020 and continuing to present, to encourage social distancing, there have been no employees stationed inside the elevators at the Washington Heights stations.  Employees working the elevator attendant assignment have been posted outside the elevators and pressed buttons for riders periodically and performed other duties such as disinfecting.  Riders' access has not been impacted by the relocation of the elevator staff.

94.    Employees working the elevator attendant assignment work 8-hour shifts.  Shifts are scheduled twenty-four (24) hours a day, seven (7) days per week at the Washington Heights stations.

16

95.     The one elevator at each of the stations that has an attendant is not staffed at all times. Elevator attendants are entitled to lunch and "comfort" breaks during a shift. They are relieved for lunch but no other breaks, meaning the elevators are unstaffed during these breaks. Additionally, not all absences are backfilled. Absences for scheduled vacations and sick for the elevator attendant jobs are not covered.

96.     The elevator operator assignment, like all other jobs for TWU-represented Cleaners, is filled by a job pick.

97.     There is a bi-annual pick for TWU members where they submit bids, which includes 40 restricted duty positions for Cleaners pursuant to the collective bargaining agreement. The elevator operator assignments, like the other restricted duty jobs, are open for bid. However, employees with medical restrictions can "bump" employees without restrictions out if they choose to bid on these restricted duty jobs.

98.     Currently, TWU-represented Cleaners are working the jobs they picked during the Winter 2023 Pick.

99.     The Winter 2023 Pick included 27 elevator attendant assignments among the 40 contractual restricted duty assignments.

100.    Petitioners Brian Brooks, Lourdes Borchelli, and Edith Aponte bid on and were awarded elevator attendant assignments in the Winter 2023 Pick.

101.    Petitioner Brenda Wicker selected a different restricted duty assignment in the Winter 2023 Pick which involves cleaning elevators at 34th Street Penn Station.

102.    Before the next job pick, Stations conducted a review of the elevator attendant assignment with the goal of increasing efficient use of staffing resources within subway stations.

103. During this review, it was determined that the responsibilities of the elevator attendants are superfluous, as passengers may access and ride elevators without assistance from NYCTA staff.

104. Stations identified alternative restricted duty assignments which would meet NYCTA's needs to maintain a clean environment. The alternative restricted duty assignments differ from non-restricted Cleaner assignments in that the physical areas within the station the employee is responsible for cleaning are limited and certain tasks, such as using heavy equipment, are not required.

105. TWU was notified of the decision to shift the elevator attendant assignments to the new restricted duty assignments on or about March 1, 2023 and April 17, 2023.

106. On or about April 26, 2023, the pick book for the Summer 2023 Pick was circulated to TWU for review. This pick book included the new restricted duty assignments which replaced the elevator attendant assignments. The total number of restricted duty assignments remained 40 per the contract.

107. On or about May 11, 2023, Stations management met with TWU after their review of the pick book for the Summer 2023 Pick.

108. The collective bargaining agreement between NYCTA and TWU includes a grievance procedure culminating in arbitration.

109. On May 20, 2023, TWU filed a grievance regarding the Summer 2023 Pick for Cleaners. The grievance alleged NYCTA violated the collective bargaining agreement by removing the restricted duty assignments for operating elevators from the pick and replacing them with other assignments. In the grievance, TWU requested that NYCTA "restore all elevator jobs for restricted duty employees to the pick."

18

FILED: NEW YORK COUNTY CLERK 08/07/2023 05:34 PM   INDEX NO. 157036/2023
NYSCEF DOC. NO. 35                                    RECEIVED NYSCEF: 08/07/2023

110.    On June 1, 2023, TWU and NYCTA appeared before the designated Arbitrator for contract grievances: Howard Edelman.  During the arbitration hearing, TWU noticed the parties it was withdrawing the grievance.  Arbitrator Edelman issued a determination memorializing, not the withdrawal of the grievance as TWU stated, but that this matter would be held in abeyance and would not be put on the calendar unless TWU advised NYCTA of its intent to proceed.

111.    TWU has not advised NYCTA that it wishes to pursue the grievance.

112.    The Summer 2023 Pick occurred from June 5, 2023-June 21, 2023.  During the pick, employees in the title of Cleaner bid on assignments by seniority.

113.    All four Petitioners who are NYCTA employees were awarded restricted duty assignments in the Summer 2023 Pick.

114.    Subsequent to the Summer 2023 Pick, NYCTA evaluated the assignments the incumbent elevator attendants selected.  NYCTA determined that Petitioner Lourdes Borchelli's selected assignment did not comport with her documented medical/physical restrictions, and advised Petitioner Borchelli.  Petitioner Borchelli did not dispute this determination or, upon information and belief, otherwise request an accommodation.

115.    Petitioners Brian Brooks, Edith Aponte, and Brenda Wicker's selected assignments were not determined to conflict with their restrictions. Except with the filing of the Verified Class Action Petition, Petitioners Brian Brooks, Edith Aponte, and Brenda Wicker have not advised NYCTA of any concerns about performing their assignments for the Summer 2023 Pick. Upon information and belief, Petitioners Brian Brooks, Edith Aponte, and Brenda Wicker have not requested reasonable accommodation(s) pursuant to NYCTA policy.

116.    NYCTA is prepared to engage with Petitioners regarding their accommodation needs.

117.    The Summer 2023 Pick was scheduled to take effect on July 16, 2023.

118.   NYCTA delayed implementation of the Summer 2023 Pick in response to this Court's *ex parte* Order of July 14, 2023 enjoining NYCTA from removing employees who operate elevators at the Washington Heights stations until the hearing on July 20, 2023.

119.   Currently, TWU-represented Cleaners, including the employees who are Petitioners in this case, are still working their assignments from the Winter 2023 Pick.

120.   Shifting employees from the elevator attendant assignment to their new restricted duty assignments will not impact subway riders' access to the stations.  All riders can use the elevator buttons to call the elevator and select a floor, as is done at all other unattended elevators in the transit system.

121.   The elevators in the Washington Heights stations were recently replaced: the replacements at the 168th Street Station were complete in 2019, 181st Street and 191st Street replacements were complete in 2020, and 190th Street was complete in 2021.  The new elevators include surveillance cameras and a button riders can use to call NYCTA staff if they require assistance or in the event of an emergency.  The in-elevator communications system puts riders in touch with the Rail Control Center/Operations Control Center and the station booth. These enhanced security features promote safety for riders within the transit system.  Additionally, the replacement elevators comply with signage for the sight impaired as required by applicable American Society of Mechanical Engineering Safety Code of Elevators and Escalators.

<strong><u>GENERAL DENIAL</u></strong>

Respondent denies each and every allegation in the Verified Class Action Petition not specifically admitted.

20

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Verified Class Action Petition, and without conceding that Respondent bears the burden of proof or persuasion as to any of them, Respondent alleges the following specific defenses.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Verified Class Action Petition fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Petitioners may not pursue class action claims in this Article 78 proceeding.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Petitioners' claims under the New York City Human Rights Law are preempted by New York State law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Petitioners' claims are barred because Respondent did not discriminate against Petitioners or deny Petitioners access to a public accommodation on the basis of an alleged disability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

As the Verified Class Action Petition seeks injunctive relief, Petitioners fail to show a violation of a right presently occurring, threatened or imminent, that they have no adequate remedy of law, that serious and irreparable injury would result if the injunction were not granted, and/or that the equities are balanced in Petitioners' favor.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Respondent is statutorily empowered to operate the subway system, including the operational decisions attendant to provision of subway services. In exercising these discretionary acts, Respondent must make determinations as they deem appropriate. Inasmuch as Petitioners

21

FILED: NEW YORK COUNTY CLERK 08/07/2023 05:34 PM    INDEX NO. 157036/2023
NYSCEF DOC. NO. 35                                           RECEIVED NYSCEF: 08/07/2023

have challenged these discretionary decisions of Respondent, such claims are non justiciable and must be dismissed.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

Petitioners' claims are moot, in whole or in part.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The Verified Class Action Petition is barred in whole or in part, by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Petitioners' claims are barred because at all relevant times Respondent acted in good faith toward Petitioners, and any actions taken toward Petitioners were for legitimate, non-discriminatory business reasons.  To the extent that Petitioners are able to prove to the satisfaction of the trier of fact that any improper motive was a factor in relevant decisions (which Respondent denies), Respondent would have made the same decisions regarding Petitioners regardless of any alleged improper motive.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Petitioners' claims are barred, in whole or in part, because Petitioners are not qualified disabled persons as recognized by law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Petitioners' claims are barred, in whole or in part, because even if Petitioners are qualified disabled persons, Petitioners failed to provide Respondent with adequate notice of their alleged physical limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Petitioners' claims are barred, in whole or in part, because even if Petitioners are qualified disabled persons and provided Respondent with adequate notice of their alleged

22

FILED: NEW YORK COUNTY CLERK 08/07/2023 05:34 PM    INDEX NO. 157036/2023
NYSCEF DOC. NO. 35    RECEIVED NYSCEF: 08/07/2023

physical limitations, Petitioners could not perform the essential job functions of the job with reasonable accommodation.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Petitioners' claims are barred, in whole or in part, because Respondent offered Petitioners assistance reasonably designed to accommodate their alleged physical limitations and/or Petitioners unreasonably failed to take advantage of the assistance offered.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Petitioners' claims for relief may be limited by the after-acquired evidence doctrine.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Respondent's liabilities and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) of the New York City Administrative Code (to the extent the Respondent is governed by the Administrative Code, which it is not).

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

As a matter of law, punitive damages cannot be awarded against public benefit corporations such as Respondent. In any event, Respondent engaged in good faith efforts to comply with applicable laws and otherwise acted within the scope of the exceptions to vicarious liability for punitive damages enumerated by the Supreme Court in *Kolstad v. American Dental Association*, 527 U.S. 526 (1999). Any award of punitive damages would violate Respondent's rights under the U.S. and New York Constitutions.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Petitioners' claims are barred, in whole or in part, because Petitioners failed to exhaust the grievance procedure prescribed in the relevant collective bargaining agreement.

.    .    .    .

23

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Respondent expressly reserves the right to amend and/or supplement this answer to raise additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein of which Respondents may become aware through discovery or other investigation, or as otherwise may be appropriate.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Each cause of action and/or form of recovery contained in the Verified Class Action Petition is barred to the extent that Petitioners, as individuals, collectively, by associational representation, and/or as a class, lack standing to assert any of the causes of action and/or forms of recovery contained in the Verified Class Action Petition.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

As members of and/or representatives of members of a class of all people whose disabilities make the use of stairs difficult or impossible and who require stair-free paths of travel in the New York City subway system, Petitioners' released each cause of action and/or form of recovery contained in the Verified Class Action Petition, in whole or part. See Center for Independence of the Disabled, New York, et al. v. Metropolitan Transportation Authority, et al. No. 153765/2017 (N.Y. Sup. Ct. N.Y. Co.) and De La Rosa et al. v. Metropolitan Transportation Authority et al. No. 19-cv-04406 (ER) (S.D.N.Y.).

24

Case 1:19-cv-04406-ER    Document 211-7    Filed 09/20/23    Page 26 of 27

**WHEREFORE** Respondent respectfully requests that the Verified Class Action Petition be dismissed, with such other and further relief to which this Court seems just and proper.

Dated:  August 7, 2023          */s/ Steven D. Hurd*
       New York, New York       Steven D. Hurd
                                      Neil H. Abramson
                                      Rosanne Facchini
                                      Erin P. Conroy
                                      PROSKAUER ROSE LLP
                                        Eleven Times Square
                                        New York, NY 10036
                                        Telephone: (212) 969-3000
                                        *Attorneys for Respondents*

FILED: NEW YORK COUNTY CLERK 08/07/2023 05:34 PM    INDEX NO. 157036/2023

NYSCEF DOC. NO. 35    RECEIVED NYSCEF: 08/07/2023

## VERIFICATION

STATE OF NEW YORK      )
                               ) SS.:
COUNTY OF NEW YORK  )


**MARIEL THOMPSON**, being duly sworn deposes and says that she is the

representative of Respondent New York City Transit Authority, and that she has read the

foregoing First Amended Verified Answer to the Verified Class Action Petition of Adriano

Espaillat (individually and as a class representative), Robert Jackson (individually and as a class

representative), Manny De Los Santos (individually and as a class representative), Carmen De

La Crus (individually and as a class representative), Michael Schweinsberg (individually,

organizationally on behalf of 504 Democratic Club ("504DC") and as a class representative), and

Robert Kelly (organizationally on behalf of Transport Workers Union of Greater New York,

Local 100 ("TWU")), Brian Brooks, Lourdes Bochelli, Brenda Wicker and Edith Aponte) and is

familiar with the facts alleged therein, which she knows to be true or believes to be true based

upon information obtained from the books and records of the New York City Transit Authority.


Dated: New York, New York
        August 7, 2023


                                     **MARIEL THOMPSON**


Sworn to before me on this 7th day of August, 2023


Mohandai J. Narine
Notary Public, State of New York
Reg. No. 01NA6292701
Qualified in Queens County
Commission Expires 11-A-25

Mohandai J. Narine
August 7, 2023